UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| REESE MICHAEL JUDE TASSIN, SR. **PLAINTIFF** | |
| VS. | C.A. No.: 3:19-CV-64-JHM<br><br>JURY DEMANDED |
| BNK TRANSPORT INC. and DAVID TURKI-MATTI TOMENA, **DEFENDANTS** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Reese Michael Jude Tassin, Sr. files this Plaintiff's Original Complaint, by counsel, complaining of BNK Transport Inc and David Turki-Matti Tomena causing bodily injury to Mr. Tassin in a collision that occurred at 4000 L&N Turnpike in Horse Cave, Kentucky (hereinafter "the collision") on or about July 26, 2017. Plaintiff's causes of action are as follows:

### 1.0 PARTIES

1.1   Reese Michael Jude Tassin, Sr resides at 82485 Jenkins Cemetery Road in Bush, Louisiana.

1.2   Defendant BNK Transport Inc. (hereinafter "BNK") is a Delaware corporation having a principal office address of 2346 S Lynhurst Dr Ste 407E, Indianapolis, IN 46241.

1.3   BNK may be served with process through its registered agent of record with the Federal Motor Carrier Safety Administration of Truck Process Agents of America, Inc, for

service of process in Kentucky to be made upon Ethan Donohoo, 106 E. 12th Street, Benton, Ky 42025.

1.4	BNK has a United States Department of Transportation (USDOT) Operating Authority for operation in interstate commerce with that USDOT Number being 2792359. It has a Motor Carrier Number assigned to it of MC-931622.

1.5	Defendant David Turki-Matti Tomena (Hereinafter Mr. Tomena) is an individual upon information and belief residing at 5072 Bristor Drive, Sterling Heights, Michigan 48310-4622 and can be served at that address.

## 2.0 JURISDICTION

2.1	Pursuant to 28 U.S.C. §1332(a), this Court has original, diversity jurisdiction over Plaintiff's claims, because the Plaintiff and Defendants are citizens of different states and the amount in controversy sought by Plaintiff exceeds $75,000, exclusive of interest and costs.

## 3.0 VENUE

3.1	Venue is proper in the Western District of Kentucky because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. 28 U.S.C. §1391(b)(2).

## 4.0 FACTS

4.1	BNK is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

4.2	BNK hired, qualified, and retained Mr. Tomena as a commercial motor vehicle operator.

4.3 At all times relevant to this action, Mr. Tomena was acting in the course and scope of his actual and/or statutory employment with BNK.

4.4 Alternatively to the foregoing, at all times relevant to this action, Mr. Tomena was acting as agent for BNK, in joint venture with it, in partnership with it, or under a similar legal relationship.

4.5 At all times relevant to this action, BNK owned the tractor operated by Mr. Tomena at the time of the collision.

4.6 At all times relevant to this action, BNK owned the trailer operated by Mr. Tomena at the time of the collision.

4.7 The tractor driven by Mr. Tomena at the time of the collision was operated with the permission and at the direction of BNK.

4.8 The trailer pulled by Mr. Tomena at the time of the collision was operated with the permission and at the direction of BNK.

4.9 The tractor-trailer driven by Mr. Tomena at the time of the collision was operated by him for-hire as a motor carrier under the Operating Authority of BNK issued pursuant to 49 U.S.C §13902 and 49 CFR Part 365.

4.10 Mr. Tomena was a professional commercial truck driver at the time of the collision.

4.11 As a professional commercial truck driver, Mr. Tomena had a duty to pay attention to the hazard that his operation of the BNK tractor created at the time of the collision.

4.12 As a professional commercial truck driver, Mr. Tomena had a duty to drive the tractor-trailer in an alert condition, paying attention to traffic around his vehicle and roadway conditions.

4.13   At all times relevant to this action, BNK was required by law to train Mr. Tomena and to ensure that he was able to safely operate its tractors and trailers.

4.14   On or about July 26, 2017, Mr. Tassin was involved in a collision with BNK's vehicle in Horse Cave, Kentucky.

4.15   On said date, Mr. Tassin was parked in his vehicle at the Love's truck stop located at 4000 L&N Turnpike in Horse Cave, Kentucky.

4.16   Mr. Tomena, while operating a commercial motor vehicle on the aforesaid date, collided with the tractor-trailer occupied by Mr. Tassin.

4.17   Mr. Tassin was resting for the evening in his vehicle when the impact of the aforesaid collision caused him to sustain permanent bodily injury and the damages in issue in this litigation.

4.18   The collision in issue in this action was in no way due to any negligent act or failure to act on the part of Mr. Tassin.

4.19   Mr. Tassin's injuries and damages sustained as a result of the aforesaid collision were in no way due to any negligent act or failure to act on the part of Mr. Tassin.

4.20   No sudden emergency cause Mr. Tomena to crash the tractor-trailer that he operated into the vehicle occupied by Mr. Tassin.

4.21   At all times relevant to this Complaint, BNK was required to train its commercial motor vehicle drivers on how to safely operate its tractors and trailers.

4.22   Federal Motor Carrier Safety Regulations set forth the minimum standards and requirements for companies with Department of Transportation (DOT) Operating Authority.

4.23   Federal Motor Carrier Safety Regulations set forth the minimum standards and requirements for interstate drivers with a commercial driver's license.

### 5.0 FIRST CAUSE OF ACTION – NEGLIGENCE

5.1   The preceding paragraphs of this Complaint are incorporated herein by reference.

5.2   On or about July 26, 2017, Mr. Tomena operated the BNK tractor-trailer in a careless and negligent manner and such conduct was a substantial factor and/or the direct and proximate cause of the aforesaid collision with the vehicle operated by Mr. Tassin, as well as Mr. Tassin's permanent and other bodily injury, Mr. Tassin's emotional distress, the incurrence of medical expenses for Mr. Tassin's medical treatment of his injuries sustained in the collision in the past and future medical expenses for same, lost wages of Mr. Tassin, the loss of Mr. Tassin's power to labor and earn money, Mr. Tassin's pain and suffering resulting from his injuries and the other damages in issue in this action.

5.3   Mr. Tomena's negligence included but was not limited to: his failure to operate BNK's commercial motor vehicle in a reasonable and safe manner; failure to exercise due care while operating his vehicle; driving the tractor-trailer at an unsafe speed given the conditions then existing; driving in violation of minimum safety standards; his failure to properly inspect his tractor-trailer for any defect that led him to collide with the vehicle in which Mr. Tassin rested; his operation of the tractor-trailer when too ill or fatigued to safely do so in violation of law, including 49 CFR 392.3.

5.4   BNK is vicariously liable for the negligence of its commercial driver Mr. Tomena under the statutory employment doctrine as well as the doctrine of *respondeat superior.*

5.5   BNK was careless and negligent and such conduct was a substantial factor and/or the direct and proximate cause of the aforesaid collision with the vehicle operated by Mr.

Tassin, as well as Mr. Tassin's permanent and other bodily injury, Mr. Tassin's emotional distress, the incurrence of medical expenses for Mr. Tassin's medical treatment of his injuries sustained in the collision in the past and future medical expenses for same, lost wages of Mr. Tassin, the loss of Mr. Tassin's power to labor and earn money, Mr. Tassin's pain and suffering resulting from his injuries and the other damages in issue in this action.

5.6     BNK was careless and negligent due to: BNK's entrustment of a tractor-trailer to Mr. Tomena; due to BNK's failure to properly inspect, repair and maintain its equipment operated by Mr. Tomena; due to BNK's failure to properly qualify Mr. Tomena as a commercial motor vehicle operator; in BNK's hiring, training, supervision, and retention of Mr. Tomena as a driver of a commercial motor vehicle, including BNK's failure in training Mr. Tomena as to the safe operation of its tractor-trailer; due to BNK's failures in properly training Mr. Tomena on the mandatory compliance with the safety mandates of the Federal Motor Carrier Safety Administrations Regulations governing his operation of a commercial motor vehicle in interstate commerce; due to BNK's failure to train Mr. Tomena to navigate his tractor-trailer through a commercial parking lot; upon information and belief, by requiring or permitting Mr. Tomena to operate its commercial motor vehicle when he was too ill or fatigued to do so safely in violation of law and 49 CFR 392.3 or due to failing to properly train Mr. Tomena to recognize illness or fatigue making him an unsafe operator of a commercial motor vehicle.

5.7     BNK knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

a) The risks associated with unsafe drivers.

b) The risks associated with failing to train drivers to obey the FMCSR.

c) The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers.

d) The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers.

e) The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers.

f) The risks associated with failing to have adequate risk management policies and procedures in place.

g) Failing to have policies and procedures in place to identify undertrained and unqualified drivers.

h) Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Mr. Tomena once he was hired.

i) Failure to implement and follow a written safety plan.

j) Failing to protect the members of the public, such as Mr. Tassin, from the risks described above.

k) Failing to utilize the composite knowledge reasonably available to BNK to analyze the data available to it and to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

l) Failure to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

5.8     BNK and Mr. Tomena will be shown at trial to be *negligent per se* due to having violated the Kentucky Revised Statutes, including but not limited to KRS 189.290 Operator of Vehicle to Drive Carefully.

5.9     BNK and Mr. Tomena will be shown at trial to be *negligent per se* due to having violated the Federal Motor Carrier Safety Regulations, including but not limited to:

       a)   49 CFR Part 390 (General)

       b)   49 CFR Part 391 (Qualifications of Drivers)

       c)   49 CFR Part 392 (Operation of Commercial Motor Vehicles)

       d)   49 CFR Part 395 (Hours of Service)

       e)   49 CFR Part 396 (Inspection, Repair and Maintenance)

## 6.0 JURY DEMAND & PRAYER

6.1     Plaintiff respectfully requests trial by Jury on all issues so triable in this matter.

WHEREFORE, Plaintiff prays that summons be issued and the Defendants herein be served, and upon trial on the merits, that this Honorable Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual and compensatory damages, together with prejudgment interest, post-judgment interest, court costs, and all other damages to which Plaintiff is entitled at law and in equity, including leave to amend this Complaint if justice so requires.

Respectfully submitted,

*/s/ Timothy D. Lange*
**Timothy D. Lange**
BENSON, RISCH & LANGE, PLLC
401 W. Main Street, Suite 2150
Louisville, Kentucky 40202
Telephone: (502) 583-8373
ATTORNEY FOR PLAINTIFF