# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO: 3:19-CV-00064-JHM

REESE MICHAEL JUDE TASSIN, SR.                                    PLAINTIFF

V.

BNK TRANSPORT INC. and DAVID
TURKI-MATTI TOMENA                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. [DN 13]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motion is **GRANTED**.

## I. BACKGROUND

According to the Complaint and briefing on this Motion, Reese Michael Jude Tassin resides in Louisiana but was operating a tractor-trailer in Kentucky on July 26, 2017. [DN 1 ¶ 1.1; DN 13-1 at 1]. Mr. Tassin alleges that while he was resting for the evening in his vehicle at a Love's truck stop parking lot in Horse Cave, Kentucky, David Turki-Matti Tomena, driving a tractor-trailer, collided with Mr. Tassin's vehicle. [DN 1 ¶¶ 4.14–4.17]. The tractor-trailer driven by Mr. Tomena was owned by BNK Transport Inc. ("BNK") and was being operated on its behalf. [*Id.* at ¶¶ 4.6–4.8]. Accordingly, Mr. Tassin alleges that BNK is vicariously liable for any claims against the driver, Mr. Tomena.

Mr. Tassin alleges that he suffered substantial injury as a result of the collision. Mr. Tassin filed the instant lawsuit on January 25, 2019, alleging claims for negligence and negligence per se against both Mr. Tomena and BNK. [*Id.* at ¶¶ 5.1–5.9]. The Complaint seeks damages from Mr. Tomena and BNK for Mr. Tassin's permanent bodily injury, emotional distress, medical expenses, lost wages, loss of earning power, and pain and suffering. [*Id.* ¶ 5.2].

Mr. Tomena and BNK jointly filed the instant Motion to Dismiss, arguing that Mr. Tassin's claims premised upon alleged violations of the Federal Motor Carrier Safety Regulations ("FMCSR")—a private cause of action and a claim for negligence per se—should be dismissed because neither are viable claims. [DN 13 at 1]. Specifically, the Defendants assert that the FMCSR does not support a private right of action and that a violation of a federal statute cannot be the basis for a negligence per se claim under Kentucky law. [*Id.*]. Mr. Tassin responds that his negligence per se claim is premised upon violations of a Kentucky administrative regulation adopting the federal statutes cited in his Complaint as well as violations of the federal statutes themselves. [DN 17 at 4–9]. Mr. Tassin argues that the latter claim, negligence per se based on violations of federal statutes, is a viable claim in Kentucky. [*Id.* at 8–9]. In their Reply, the Defendants contend that Mr. Tassin failed to assert a negligence per se claim based upon Kentucky's adoption of the federal statutes and, as such, Mr. Tassin cannot now put forth such a claim. [DN 18 at 1–2]. Further, the Defendants argue that Mr. Tassin's reliance on case law as support for his argument that a Kentucky negligence per se claim can be based on violations of federal law is misplaced. [*Id.* at 2–3].

## II.     STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

The Defendants move to dismiss Mr. Tassin's claims premised upon violations of the FMCSR because they claim the FMCSR "does not provide a private cause of action for alleged violations of its provisions, and Kentucky law does not provide a private cause of action due to violation of federal statutes or regulations." [DN 13 at 1]. The Court addresses the federal right of action pursuant to the FMCSR and the negligence per se claim separately.

First, the Defendants move to dismiss a stand-alone claim for violation of the FMCSR. As has been established in the Sixth Circuit, the FMCSR does not create a federal private right of action. *Fochtman v. Rhino Energy, LLC*, No. 13-104, 2013 WL 5701468, at *2 (E.D. Ky. Oct. 17, 2013) (citing *Schramm v. Foster*, 341 F. Supp. 2d 536, 547 (D. Md. 2004) (collecting cases)); *Steinberg v. Luedtke Trucking, Inc.*, No. 4:17-CV-9, 2018 WL 3233341, at *4 (E.D. Tenn. July 2, 2018). Without a private right of action, the Defendants are correct, the FMCSR cannot act as a platform for any claim by Mr. Tassin. However, the Court does not interpret Mr. Tassin's Complaint as having alleged such a stand-alone claim for violation of the FMCSR. Instead, the Court interprets Mr. Tassin's Complaint as alleging a claim for negligence per se premised upon the Defendants' violation of the FMCSR. As such, the Defendants argument concerning the absence of a private right under the FMCSR is immaterial.

Second, the Defendants move for summary judgment on Mr. Tassin's claims for negligence per se—a doctrine under which a defendant can be negligent as a matter of law, or per

3

se, for violating a statute that promotes safety. Kentucky's negligence per se statute provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." K.R.S. § 446.070.

The Defendants maintain that Kentucky law does not provide for a negligence per se action due to violations of a federal statute or regulation. [DN 13-1 at 3]. The Defendants are correct. "Kentucky courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes and does not extend to federal statutes and regulations . . . ." *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. Ct. App. 2008) (citing *T&M Jewelry, Inc. v. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006)). "The Kentucky General Assembly did not intend for KRS 446.070 to embrace the whole of federal laws and the laws of other states and thereby confer a private civil remedy for such a vast array of violations." *Hicks*, 189 S.W.3d at 530. Accordingly, to the extent that Mr. Tassin's negligence per se claim is based on alleged violations of the FMCSR as it stands codified in federal law, that claim must fail and is dismissed.

The Court now considers the possibility of a negligence per se claim premised upon violation of a Kentucky administrative regulation. The Defendants take issue with any possibility of a negligence per se claim premised upon violation of a Kentucky regulation because, they argue, Mr. Tassin failed to include such an allegation in his Complaint. [DN 18 1–2]. The Defendants are correct that nowhere in Mr. Tassin's Complaint does he cite to the Kentucky administrative regulation adopting portions of the FMCSR, the relevant enabling statute, or the Kentucky statute providing the claim for negligence per se. [*See generally* DN 1]. Instead, the first time Mr. Tassin raises such an allegation is in his Response to the Motion to Dismiss. [DN17 4–7]. Because Mr. Tassin failed to allege such a claim in his Complaint, the Court need not address whether such a

4

claim by Mr. Tassin would survive a motion to dismiss. If Mr. Tassin wishes to amend his Complaint to allege such a negligence per se claim based on the violation of a Kentucky regulation adopting the FMCSR, he may request leave from the Court to do so.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [DN 13] is **GRANTED** as to any negligence per se claim premised upon violations of federal law.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

May 28, 2019

cc: counsel of record